**Baby NEAL, et al., Plaintiffs,**

v.

**Robert P. CASEY, et al., Defendants.**

Civ. A. No. 90–2343.

United States District Court,
E.D. Pennsylvania.

Oct. 13, 1993.

Mary E. Kohart, Stephen P. Chawaga, Drinker, Biddle & Reath, Lawrence J. Fox, Stefan Presser, Philadelphia, Marcia R. Lowry, American Civ. Liberties Union Foundation, Michael Mushlin, American Civ. Liberties Union, Children's Rights Project, New York City, E. Graham Robb, Drinker, Biddle & Reath, Paul H. Saint–Antoine, Philadelphia, PA, Robin L. Dahlberg, American Civ. Liberties Union, Children's Rights Project, Ann A. Wooldridge, New York City, for plaintiffs.

Lawrence J. Fox, Stefan Presser, Philadelphia, PA, Marcia R. Lowry, American Civ.

Liberties Union Foundation, New York City, for Jay Ivy, Max C.

Marianne E. Brown, Schnader, Harrison, Segal & Lewis, Jerome J. Shestack, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for Robert P. Casey and John F. White, Jr.

Charles W. Johns, A. Taylor Williams, Administrative Office of PA Courts, Philadelphia, PA, for Edward J. Bradley.

Robert G. Schwartz, Philadelphia, PA, for Juvenile Law Center, Philadelphia Citizens for Children and Youth.

Philip J. Katauskas, Pepper, Hamilton & Scheetz, Philadelphia, PA, for Support Center for Child Advocates.

Frederick J. Bosch, Stradley, Ronan, Stevens & Young, Philadelphia, PA, for Child, Youth and Family Council of the Delaware Valley.

Judith Brown Chomsky, Philadelphia, PA, for Local 2186 of American Federation of State, County & Mun. Employees, AFL–CIO, Local 2187 of American Federation of State, County & Mun. Employees, AFL–CIO.

Lorray Brown, Deputy City Sol., Richard J. Gold, Chief Deputy City Sol., Guy Vilim, Gold & Vilim, Thomas J. Wamser, Deputy City Sol., Doris M. Leisch, City of Philadelphia, Law Dept., Philadelphia, PA, for W. Wilson Goode, Joan M. Reeves, Maxine Tucker.

Jonathan Walters, Nancy B.G. Lassen, Willig, Williams & Davidson, Philadelphia, PA, for AFSCME Dist. Council 47, American Federation of State, County and Mun. Employees, AFL–CIO.

Marianne E. Brown, Schnader, Harrison, Segal & Lewis, Dana B. Klinges, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for Robert P. Casey, John F. White, Jr.

## *MEMORANDUM*

ROBERT F. KELLY, District Judge.

The latest battleground in this civil rights case, filed in 1990 on behalf of children placed in the custody of the Philadelphia Department of Human Services ("DHS"), is plaintiffs' motion for certification of subclasses. The issue is whether seven subclasses will be certified which will enable plaintiffs to represent the interests of what both sides agree are thousands of children presently in DHS custody, or whether the 23 children who are presently plaintiffs will proceed solely on their own behalf.

Plaintiff proposed the following subclasses:

1. Children for whom protective services investigations are not being and will not be conducted within the time frame and in the manner required by law, DHS policy, and professional standards.

2. Children residing in foster homes who are not receiving and will not receive appropriate monitoring and supervision as required by law, DHS policy, and professional standards.

3. Children who are not or will not be in foster care placements that are appropriate for their needs as required by law, DHS policy, and professional standards.

4. Children who are not receiving and will not receive a timely, written case plan containing legally mandated elements as required by law, DHS policy, and professional standards.

5. Children who have or will have ongoing medical and/or psychiatric needs, but who are not receiving and will not receive the services necessary to address those needs as required by law, DHS policy, and professional standards.

6. Children who have or will have a goal of adoption, but who are not receiving or will not receive the case management services necessary to attain that goal in a timely fashion as required by law, DHS policy, and professional standards.

7. Children whose cases are not and will not receive timely and meaningful review as required by law, DHS policy, and reasonable professional standards.

■ Many courts have examined the requirements for class certification under Rule 23, including this court. I denied a previous motion for class certification in this case on January 6, 1992 and will not reiterate the same points which were set forth at length in my Memorandum of that date. However, a

district court has wide discretion in deciding whether or not to certify a proposed class, and its decision will be reversed only for an abuse of discretion. *See, e.g., Wilson v. Tinicum Township*, C.A. No. 92–6617, 1993 WL 280205, 1993 U.S.Dist.LEXIS 9971, (July 21, 1993 E.D.Pa.).

In *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 161, 94 S.Ct. 2140, 2145, 40 L.Ed.2d 732 (1974) the Supreme Court ruled that district courts may not consider the merits of a plaintiff's case before determining whether a class action should be certified. The *Eisen* ruling has been routinely applied by district courts in examining proposed class actions. *See, e.g., Wilson, supra.*

■ All seven of the proposed subclasses are predicated upon a finding that the members' cases were not handled in a manner "required by law, DHS conduct and professional standards." Any determination using the above criterion would by necessity involve a conclusion regarding liability, which under *Eisen* courts are forbidden to do.

Furthermore, not only do each of the proposed subclasses require a reference to standards which would require a legal conclusion, (i.e., "legally mandated elements" or "as required by law") membership in five of the seven proposed subclasses would be determined by a case-by-case judgment regarding the quality of care provided by DHS (i.e., what is "appropriate," "necessary," or "meaningful"). In either event, the formation of the proposed subclasses would force this court to reach a legal conclusion prior to a trial on the merits.

Plaintiffs have failed as a general matter to adequately define the proposed subclasses, but this failure creates other problems in connection with two of the mandated elements of Rule 23, numerosity and commonality.

Because plaintiffs have defined the subclass in terms of liability, defendants are correct when they argue that it will be impossible to tell who is a member of a subclass and who is not, or whether the proposed subclass members share questions of law or fact, until and unless someone (either this Court, or plaintiffs, with the sanction of this court) makes a determination regarding the appropriateness of DHS' handling of every child whose case is presently handled by DHS. In order to determine whether a child currently in DHS custody is a member of a subclass, the Court would as a preliminary matter have to examine the status and needs of each child, and then reach a conclusion as to whether DHS is doing what is "appropriate," "necessary," or "meaningful."

■ Rule 23 states that even if a proposed class meets all the requirements of Rule 23(a), the class must fall into one of the requirements of Rule 23(b) in order to be maintained. Plaintiffs state that this case would fall into the category identified in Rule 23(b)(2), which reads, in part, as follows:

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole ...

This final point is perhaps the most flawed concept in plaintiffs' efforts to have this case proceed as a class action. Plaintiffs are not challenging a regulation or policy made or carried out by DHS. Their most recent memorandum of law in support of their motion, which refers in some detail to publicized "deficiencies" involving DHS, makes it abundantly clear that plaintiffs are directly challenging the day-to-day, case-by-case performance of DHS. It would be impossible to conceive of an Order this court could make granting class-wide injunctive relief which could address the specific case-by-case deficiencies in DHS' performance that plaintiffs allege. Such a injunction would not only not be "appropriate" under Rule 23(b)(2), it would, as defendants contend, create an enforcement problem of staggering proportions.

Therefore, I am issuing the following Order:

## ORDER

AND NOW, this 13th day of October, 1993, upon consideration of Plaintiffs' Motion for Certification of Subclasses and Defendants'

response thereto, it is hereby ORDERED that Plaintiffs' Motion is DENIED.